PEOPLE v MARGOES

Docket No. 74105. Submitted January 16, 1985, at Detroit.—Decided
    March 4, 1985.

Richard A. Margoes was convicted, after a bench trial, of man-
    slaughter and felony-firearm, Recorder's Court of Detroit, Mi-
    chael F. Sapala, J. Prior to waiving his right to a jury trial,
    defendant indicted he could not decide whether to have a jury
    or a bench trial. The court accepted defendant's waiver of his
    right to a jury trial after defendant signed a written waiver
    and after extensive questioning to determine the voluntariness
    of the waiver. Defendant appealed, alleging that his waiver was
    procured through promises of leniency and misstatements of
    counsel. Defendant also moved to remand for an evidentiary
    hearing on the matter and for an opportunity to file a delayed
    motion for a new trial. *Held:*

    1. The trial court acted with great care in determining that
    defendant's waiver was voluntary before accepting it. A trial
    court need not ask the defendant the specific question "whether
    anyone has promised him that the court would be lenient if the
    defendant gives up his right to a jury trial" when questioning
    the defendant to ascertain if his waiver of the right to a jury
    trial is voluntary.

    2. No purpose would be served by a remand for an eviden-
    tiary hearing. Defendant made his waiver voluntarily after
    fully considering the matter.

    Affirmed.

CRIMINAL LAW — JURY TRIAL — WAIVER.

    A trial court need not ask the defendant the specific question
    "whether anyone has promised him that the court would be
    lenient if the defendant gives up his right to a jury trial" when
    questioning the defendant to ascertain if his waiver of the right
    to a jury trial is voluntary.

*Frank J. Kelley*, Attorney General, *Louis J.*

REFERENCES FOR POINTS IN HEADNOTE
47 Am Jur 2d, Jury §§ 81-83.
Waiver, after not guilty plea, of jury trial in felony case. 9 ALR4th
    695.

*Caruso,* Solicitor General, *John D. O'Hair,* Prosecuting Attorney, *Edward Reilly Wilson,* Deputy Chief, Civil and Appeals, and *Thomas M. Chambers,* Assistant Prosecuting Attorney, for the people.

*Rhodes, Laramie & Williams, P.C.* (by *Frank K. Rhodes, III),* for defendant on appeal.

Before: CYNAR, P.J., and BEASLEY and R. E. ROBINSON,* JJ.

BEASLEY, J. In a nonjury trial, defendant, Richard Albert Margoes, was convicted of manslaughter, in violation of MCL 750.321; MSA 28.553, and felony-firearm, in violation of MCL 750.227b; MSA 28.424(2). After being sentenced to not less than three years nor more than five years on the manslaughter charge and the mandatory two years on the felony-firearm charge, he appeals as of right.

On appeal, defendant claims that his waiver of a jury trial was not voluntary because his lawyer made "false and misleading" promises to him. The record belies defendant's claim.

In *People v Pasley,*[1] the Supreme Court discussed the scope of review of claims that a defendant's waiver of his right to a jury trial was invalid:

"'* * * review will be conducted to ascertain whether the waiver form was indeed executed by the defendant and whether the waiver was personally, voluntarily and understandingly made in open court."

In this case, a signed waiver form, dated August 1, 1983 (the first day of trial), appears in the lower

---

* Former circuit judge, sitting on the Court of Appeals by assignment.

[1] 419 Mich 297, 303-304; 353 NW2d 440 (1984).

court record. The trial judge fully discussed the waiver on the record with defendant. The record here shows that the trial judge accepted defendant's waiver of his right to a jury trial only after defendant had indicated a desire for a bench trial. When the case was called, defendant stated he wanted a bench trial, then stated he could not decide what was best. The court suggested that a jury be picked so that defendant could see the panel. At that point, if he liked the jury, a jury trial would be held, otherwise he could exercise his right to waive the jury.

A brief recess of approximately one hour was taken so that prospective jurors could be brought to the courtroom, and defendant and his counsel apparently discussed the subject further. When the case resumed, defense counsel indicated that defendant wished to have a bench trial. The court then questioned defendant rather extensively regarding that subject.

The court ascertained that defendant was 31 years old and had had some post-secondary education. The court then explained that the difference between a bench and jury trial concerns who makes the determination of whether the prosecution has proven defendant guilty beyond a reasonable doubt. The questioning concluded with the following exchange:

"*The Court:* I understand you want me to hear this case sitting without a jury; is that correct?

"*The Defendant:* Yes, sir. This is my final decision.

"*The Court:* Anybody forced you to make that decision?

"*The Defendant:* No.

"*The Court:* Anybody threaten you to make that decision?

"*The Defendant:* No, sir.

"*The Court:* Now, I have in my hand a piece of paper entitled waiver of trial by jury with what appears to be your signature. Is that your signature?

"*The Defendant:* Yes, sir, your Honor.

"*The Court:* When you signed this piece of paper after discussing it with Mr. Nelson and he advised you of your rights, do you understand you were voluntarily or freely giving up your right to jury trial?

"*The Defendant:* Yes.

"*The Court:* The court finds the waiver to be freely and voluntarily entered, and it will accept it."

Defendant claims that the court's questioning was deficient in that he was not asked "whether anyone has promised the defendant that the court would be lenient if the defendant gives up his rights". Defendant suggests "that a proper construction of the phrase 'voluntarily waive' must include an inquiry into whether the waiver was predicated on a promise of leniency or other misleading statements from counsel or others to the defendant".

Neither this Court nor the Supreme Court have required that that specific question be asked. The *Pasley* Court, *supra,* stated what is required as follows:

"Although the statute requires that a written waiver be signed by the defendant, it does not require that it be *executed* in open court. It does, by fair implication, require that the defendant either orally acknowledge in open court that he is voluntarily and understandingly giving up his right to trial by jury, consistent with the previously signed written jury waiver form or, at a minimum, that he personally, voluntarily, and understandingly sign, in open court, the written waiver form prescribed by statute.

"The essence of our holding is that the trial judge must, however, find on the record, from evidence sufficient to warrant such finding, that the defendant, in

open court, voluntarily and understandingly give up his right to trial by jury. The statute does not require more and will not permit less."[2]

The questioning in the within case was more extensive than that in *Pasley.* We conclude that defendant's claims on appeal are contrary to what happened in open court, and we reject them as a basis for reversal.

In addition, defendant claims that this case should be remanded for an evidentiary hearing. On May 29, 1984, defendant filed in this Court a motion to remand the case to the trial court for the purpose of making a delayed motion for new trial and the brief on appeal in which he requests that the case be remanded to the trial court for an evidentiary hearing so he can develop record support of the alleged promises and misstatements made by his trial counsel. Both requests for remand were denied.

We see no purpose to be served in remanding for an evidentiary hearing. The trial judge acted with great caution before accepting the waiver when it came time for defendant's final decision regarding whether to waive a jury. Clearly, defendant fully considered the matter and made his waiver voluntarily.

Affirmed.

---

[2] 419 Mich 303.