PEOPLE v GIST

Docket No. 120353. Submitted January 23, 1991, at Detroit. Decided
April 16, 1991, at 9:30 A.M. Leave to appeal sought.

Stanley L. Gist was convicted of possession with intent to deliver
more than 225 grams, but less than 650 grams, of cocaine and
possession of marijuana following a bench trial in the Record-
er's Court for the City of Detroit, Harvey F. Tennen, J. The
defendant appealed, alleging that his decision to waive a jury
trial was not voluntary, that he was denied the effective assis-
tance of counsel, and that the evidence was insufficient to
establish that he possessed the cocaine and marijuana.

The Court of Appeals *held*:

1. The record shows that the defendant voluntarily waived a
jury trial and that the court explicitly accepted the waiver. The
prosecutor's consent was implied by the absence of any objec-
tion.

2. Defendant's counsel was not ineffective. Counsel was not
required to argue a motion which would have been frivolous or
meritless, and did not commit a serious mistake resulting in
prejudice with regard to moving for the production in camera
of a police informant.

3. The evidence was sufficient to establish that the defendant
possessed the cocaine and the marijuana.

Affirmed.

*Frank J. Kelley,* Attorney General, *Gay Secor
Hardy,* Solicitor General, *John D. O'Hair,* Prose-
cuting Attorney, *Timothy A. Baughman,* Chief of
Research, Training and Appeals, and *John P. Pu-
leo,* Assistant Prosecuting Attorney, for the people.

*Daniel J. Blank,* for the defendant on appeal.

Before: GRIFFIN, P.J., and REILLY and T. M.
BURNS,* JJ.

* Former Court of Appeals judge, sitting on the Court of Appeals by
assignment.

PER CURIAM. Following a bench trial, defendant was convicted of one count of possession with intent to deliver more than 225 but less than 650 grams of cocaine, MCL 333.7401(2)(a)(ii); MSA 14.15(7401)(2)(a)(ii), and one count of possession of marijuana, MCL 333.7403(2)(d); MSA 14.15(7403)(2) (d). Defendant was sentenced to concurrent prison terms of ten to thirty years and one year, respectively. Defendant now appeals as of right, and we affirm.

I

Defendant first argues that his decision to waive a jury trial was involuntary because it was induced by defense counsel's unfulfilled promise that he would receive a lenient sentence. Defendant also contends that the trial court erred in refusing to order an evidentiary hearing to resolve the merits of this claim. We disagree with defendant on both counts.

Prior to trial, the following exchange took place in open court:

> *The Court:* Now you signed this piece of paper, do you understand what this is? What is it?
>
> *The Defendant:* It's a waiver for a jury trial.
>
> *The Court:* You want to waive your rights to a jury trial?
>
> *The Defendant [sic]:* And be tried by the Court; is that correct?
>
> *The Defendant:* Yes.
>
> *The Court:* And you've signed this after discussing it with and reviewing it with your attorney, Mr. Daggs, is that correct?
>
> *The Defendant:* Yes.
>
> *The Court:* Okay. Nobody forced you to sign it?
>
> *The Defendant:* No.
>
> *The Court:* Waiver accepted.

Defendant's claims on appeal are contrary to what happened in open court. Accordingly, we reject them as a basis either for reversal or for an evidentiary hearing. See *People v Margoes,* 141 Mich App 220; 366 NW2d 254 (1985). Although defendant later filed an affidavit alleging an unfulfilled promise, this affidavit was considered by the trial court at the hearing on defendant's motion for a new trial. The court remained satisfied that defendant's waiver was voluntary and so stated on the record. To the extent that *People v James,* 184 Mich App 457; 458 NW2d 911 (1990), can be read to require more, we decline to follow it.

Defendant also contends that his waiver was invalid because the record fails to reflect either the prosecutor's consent to a bench trial or approval of the same by the court. We find no merit to this contention. The court explicitly accepted defendant's waiver, and the prosecutor's consent is implied by the absence of any objection.

II

Defendant next contends that he was denied the effective assistance of counsel because of trial counsel's failure to (1) properly move to suppress evidence seized from defendant's person, and (2) properly move for the in camera production of a police informant. We disagree.

With respect to defendant's first claim, the record reveals that trial counsel, asserting a lack of probable cause, did in fact move to suppress evidence of a safe combination found on defendant's person. Defendant now contends, however, that counsel's argument was misguided; that the suppression motion should have been predicated on the failure of the police to list the safe combination on the search warrant return. See MCL 780.655; MSA 28.1259(5).

Defendant's position is without merit. To prevail on a claim of ineffective assistance of counsel, the defendant must show not only a serious error attributable to counsel, but resulting prejudice as well. *People v Tommolino,* 187 Mich App 14; 466 NW2d 315 (1991). In previous cases, we have held that hypertechnical arguments regarding defects in compliance with the search warrant procedures set forth in MCL 780.655; MSA 28.1259(5) will not serve to invalidate a search. *People v Tennon,* 70 Mich App 447; 245 NW2d 756 (1976); see also *People v Myers,* 163 Mich App 120, 122-123; 413 NW2d 749 (1987). That being the case, counsel in this case was not ineffective. He was not required to argue a frivolous or meritless motion. *People v Tullie,* 141 Mich App 156, 158; 366 NW2d 224 (1985).

Defendant's second claim is that counsel was deficient in failing to submit to the trial court certain evidence to support his claim that a police informant either was unreliable or did not exist. Defendant contends that had trial counsel provided the evidence, the court would have ordered the informant produced. We find no merit to this contention. The evidence in question was submitted and argued in connection with defendant's motion for a new trial. This motion was denied by the trial court. At the hearing, the court affirmed its original decision that production of the informant was not necessary. Under the circumstances, defendant has again failed to persuade us that counsel committed a serious mistake resulting in prejudice. *Tommolino, supra.*

III

Defendant last contends that the evidence at trial was insufficient to establish that he possessed the cocaine and marijuana. We disagree.

Prosecution witnesses, all Detroit narcotics officers, testified that on June 3, 1990, a search warrant was executed at 18510 Lancashire in the City of Detroit. Defendant was not home at the time, and the officers forced their way inside and searched the premises. In the basement of the Lancashire address, the police discovered a padlocked room containing several items indicative of drug-related activity. Among these items were a locked floor safe containing over $12,000 in cash, 551 grams of cocaine, and 41.74 grams of marijuana. Also found in the safe were a $40 check made out to defendant and various documents addressed to defendant at the Lancashire address. Additional cocaine was found atop the bar in the room.

Defendant was arrested a short time later at another address. Seized from defendant's person was a matchbook, upon which was written the numbers L491, R335, and L266. It was stipulated at trial that a locksmith would testify that the combination to the safe was 91-35-66.

In reviewing a sufficiency claim, this Court views the evidence in a light most favorable to the prosecution. *People v Petrella,* 424 Mich 221, 268-270; 380 NW2d 11 (1985). Having done so, we find the testimony sufficient to establish beyond a reasonable doubt that defendant possessed the contraband found in the basement. Defendant's motion for a directed verdict was properly denied.

Affirmed.