# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

JOHN BUCHAN CRAWFORD, II,

Defendant-Appellant.

UNPUBLISHED
January 9, 2018

No. 335147
Eaton Circuit Court
LC No. 16-020143-FH

Before: O'CONNELL, P.J., and HOEKSTRA and SWARTZLE, JJ.

PER CURIAM.

Defendant appeals as of right from his convictions following a jury trial of resisting and obstructing, MCL 750.81d(1), and disturbing the peace, MCL 750.170. Defendant was sentenced to 30 days in jail on each count, to be served on weekends, and to probation for 18 months. We affirm.

## I. BACKGROUND

On February 14, 2016, defendant walked into the Lansing Mall wearing full black body armor and carrying what appeared to be a rifle on his shoulder, a pistol on his hip, and a collapsible police baton. The firearms turned out to be airsoft guns, but the orange tips that generally identify them as such had been concealed with black paint. Defendant's appearance frightened several mall patrons who called 911 and informed a security officer of defendant's presence. The mall security officer approached defendant and asked him to leave in accordance with the mall's no-firearm policy. Defendant left the mall, and then three police officers confronted him. Defendant informed the officers that the firearms were airsoft guns. Officers informed defendant that he was not under arrest, but that they needed to detain him to search him for weapons. Despite this explanation, defendant was hesitant to follow the instructions to place his hands on his head. Defendant became agitated and tensed his body and pulled his arms inward. When officers attempted to handcuff defendant, defendant forcefully resisted. Ultimately, the officers performed a takedown maneuver to gain more control over defendant. Still, even after he was brought to the ground, defendant continued to resist by kicking and grabbing one officer's leg.

At trial, the jury heard testimony from four witnesses who explained their reactions to defendant when they saw him at the Lansing Mall, as well as the testimony of the mall security officer and the responding police officers. The jury also listened to two 911 calls that witnesses

-1-

made when they became fearful over defendant's appearance at the mall. Additionally, the jury viewed the mall security camera footage and body camera footage from one of the responding officers.

Defendant testified in his own defense and flatly denied that he was resisting arrest. Rather, defendant argued that the difficulty police officers had in detaining him was due to a lack of cooperation among the officers, with each officer pulling his arms in a different direction. On cross-examination, the prosecutor addressed the issue of mass-shooting events that had been swirling around the trial, and drew comparisons between defendant's appearance on the day in question and several well-known mass-shooting events. Ultimately, defendant was convicted of the above-mentioned crimes. Defendant now appeals those convictions.

## II. ANALYSIS

*The Prosecution's Cross-Examination of Defendant Was Proper.* Defendant first claims that the prosecution committed misconduct during its cross-examination of defendant through the following exchange:

Q. I wanna, I wanna list a few things for you; and let me see if you can tell me what these all have in common. Columbine. Sandy Hook. Aurora. Orlando. San Bernardino. Any of those ring a bell?

A. People got shot there.

Q. Okay. A little bit more. People get shot every day. Anything special about those places?

A. I'm not sure.

Q. Mass shootings?

A. Sure.

Q. Okay. Do you understand and let me ask. Did you think about when you went into the mall dressed wearing what we've seen on the table today . . . how that could seem to some people?

A. Yeah.

Defense counsel did not object, thus we review this unpreserved claim for plain error affecting defendant's substantial rights. *People v Carines*, 460 Mich 750, 763; 597 NW2d 130 (1999). "Reversal is warranted only when the plain, forfeited error resulted in the conviction of an actually innocent defendant or when an error seriously affected the fairness, integrity or public reputation of judicial proceedings independent of the defendant's innocence." *Id.* at 763 (internal citation and quotation notation omitted).

Prosecutorial misconduct issues are decided on a case-by-case basis by examining the pertinent portion of the record and evaluating the prosecutor's questions in context. *People v*

*Rodriguez*, 251 Mich App 10, 30; 650 NW2d 96 (2002). The propriety of the prosecutor's questions depends on all the facts of the case. *Id*. The disputed comments must be read as a whole and evaluated in the light of defense arguments and the relationship they bear to the evidence admitted at trial. *Id*. The test of prosecutorial misconduct is whether the defendant was denied a fair and impartial trial. *Id*. at 29-30.

The prosecution's questioning was entirely proper. The resisting and obstructing statute, MCL 750.81d(1), states that "an individual who assaults, batters, wounds, resists, obstructs, opposes, or endangers a person" is guilty of the crime of resisting and obstructing if "the individual knows or has reason to know [the person] is performing his or her duties." Here, defendant walked into a mall wearing what appeared to be full tactical gear including an assault rifle, pistol, and police baton. Defendant's appearance was similar to that of the individuals that committed previous well-known mass-shooting events and created the impression that defendant was intending to accomplish the same. Defendant's knowledge of previous well-known mass-shooting events was clearly relevant to defendant's knowledge of whether officers were performing their duties by detaining defendant to search him for weapons. Accordingly, there was no prosecutorial misconduct regarding the challenged cross-examination.

Moreover, even assuming for the sake of argument that the challenged remarks were improper, by the time defendant was cross-examined, mass-shooting events were referenced several times at trial by defense counsel, witnesses, and the prosecution. The prosecution's cross-examination of defendant merely addressed the same topic that had been discussed throughout trial—a topic that was inevitably at issue because of the similarity between defendant's appearance and several mass-shooting events. The prosecution's cross-examination of defendant did not improperly interject anything into the trial that was not already made an issue by defendant's own actions. The prosecution's cross-examination did not prejudice defendant's defense, and defendant is not entitled to any relief. Finally, to the extent that defendant argues alternatively that defense counsel was ineffective for failing to object to the prosecution's cross-examination, defense counsel is not ineffective for failing to object to a proper line of questioning that does not prejudice defendant's defense. See *People v Gist*, 188 Mich App 610, 613; 470 NW2d 475 (1991).

*The Trial Court's Resisting-and-Obstructing Instruction Was Proper*. Next, defendant claims that he was deprived of a fair and impartial trial because the trial court relied on an outdated jury instruction regarding defendant's resisting-and-obstructing charge. The challenged instruction states:

> The defendant is charged with the crime of assaulting, resisting or obstructing a police officer. To prove this charge, the prosecutor must prove the following elements beyond a reasonable doubt:
>
> First, that the defendant assaulted, battered, wounded, resisted, obstructed, opposed or endangered an Eaton County Sheriff or deputy sheriff, Brian [sic] Brian Thomas. Obstructing excludes the use or threatened use of physical interference or force or a knowing failure to comply with a lawful command. The defendant must have actually resisted by what he said or did, but physical violence is not necessary.

Second, that the defendant knew or had reason to know that the person the defendant assaulted, battered, wounded, resisted, obstructed, opposed or endangered was a sheriff or deputy performing his duties at the time.

We review defendant's unpreserved claim of instructional error for plain error affecting his substantial rights. *People v Aldrich*, 246 Mich App 101, 124-125; 631 NW 2d 67 (2001).

Generally, under MCL 768.29, it is the trial court's duty to "instruct the jury as to the law applicable to the case and in [its] charge make such comment on the evidence, the testimony and character of any witnesses, as in his opinion the interest of justice may require." The jury instructions must must fully and fairly present the case to the jury in an understandable manner and must include all of the elements of the crime charged and any material issues, defenses, and theories for which there is evidence in support. *People v McGhee*, 268 Mich App 600, 606; 709 NW2d 595 (2005). Even if the instructions contain imperfections, error necessitating reversal does not result if "they fairly presented the issues" and "sufficiently protected the defendant's rights." *Aldrich*, 246 Mich App at 124.

Defendant argues that the jury should have been instructed on the lawfulness of the police activity and instructed to determine whether defendant's detention was lawful. See *People v Vanmdenberg*, 307 Mich App 57, 69-70; 859 NW2d 229 (2014). Defendant, however, waived any challenge to the jury instructions by defense counsel's affirmative statement that defendant had no objection to the instructions. *People v Kowalksi*, 489 Mich 488, 504-505; 803 NW2d 200 (2011).

Moreover, even had defendant not waived his challenge, we would find the instruction proper. Defendant never put the lawfulness of his detention at issue. Rather, defendant's theory of the case, as evidenced by defendant's own testimony, was that he did not resist detention. Because defendant did not present any evidence or argument challenging the lawfulness of his detention, defendant was not entitled to an instruction on that issue. See MCL 768.29; *McGhee*, 268 Mich App at 609.

Alternatively, defendant argues that defense counsel was ineffective for failing to challenge the lawfulness of defendant's detention. Again, we disagree. Defense counsel is not ineffective for failing to raise a futile challenge, *Gist*, 188 Mich App at 613, and any challenge to the lawfulness of defendant's detention would have been meritless. Defendant entered a busy mall while wearing full tactical gear and carrying what appeared to be real weapons. Defendant's conduct alarmed several of the mall's patrons who called 911. Responding officers clearly had reasonable grounds to believe defendant was armed and dangerous and lawfully detained defendant for the purposes of searching defendant's person for weapons. *Terry v Ohio*, 392 US 1, 30-31; 88 S Ct 1868; 20 L Ed 2d 889 (1968). The detention was necessary to protect the safety of the officers and the mall's patrons, see *id.* and the police officers' adherence to protocol likely prevented this unnecessary situation from escalating.

Affirmed.

/s/ Peter D. O'Connell
/s/ Joel P. Hoekstra
/s/ Brock A. Swartzle