# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

TAVA JERMAINE JACOBS,

Defendant-Appellant.

UNPUBLISHED
October 11, 2018

No. 338355
Ingham Circuit Court
LC No. 16-000491-FC

Before: CAVANAGH, P.J., and MARKEY and LETICA, JJ.

PER CURIAM.

Defendant appeals as of right his jury conviction of first-degree felony murder, MCL 750.316(1)(b), for which he was sentenced as a fourth-offense habitual offender, MCL 769.12, to life imprisonment without parole. We affirm.

Defendant's conviction arises from the shooting death of Terrence Lewis during a dice game on March 1, 2016. Defendant admitted being present when the victim was shot, but denied that he was the person who shot the victim. The prosecution presented evidence that defendant and the victim became involved in an argument during which defendant threatened the victim with a gun and then demanded the victim's money. Witnesses agreed that defendant was wearing a gray sweat suit. One witness, Mattie Horton, testified that she saw defendant threaten the victim with a gun and demand his money, but she denied seeing the actual shooting because she left the room before any shots were fired. Another witness, Larry Harden, testified that the man wearing a sweat suit threatened the victim with a gun and demanded the victim's money, but Harden was unable to identify the man because the man was wearing a hood that covered most of his face. Defendant agreed that he was wearing a sweat suit, and that he was the person depicted wearing a sweat suit in video surveillance footage from the apartment building. According to Harden, the victim threw his money in the face of the man wearing the sweat suit, who then shot the victim multiple times. The victim sustained four gunshot wounds and died. At trial, defendant claimed that another person in attendance, known only as "JR," committed the offense. The police were never able to determine JR's actual identity.

## I. SUFFICIENCY OF THE EVIDENCE

Defendant argues, in both a brief filed by appointed appellate counsel and in a pro se supplemental brief filed pursuant to Supreme Court Administrative Order No. 2004-6, Standard

4, that the prosecution failed to present sufficient evidence to establish his identity as the person who shot the victim. We disagree.

A challenge to the sufficiency of evidence is reviewed de novo. *People v Harverson*, 291 Mich App 171, 175; 804 NW2d 757 (2010). This Court must review the evidence in a light most favorable to the prosecution to determine whether a rational trier of fact could find that each element of the charged crime was proved beyond a reasonable doubt. *People v Reese*, 491 Mich 127, 139; 815 NW2d 85 (2012). "Circumstantial evidence and reasonable inferences arising therefrom may constitute proof of the elements of [a] crime." *People v Bennett*, 290 Mich App 465, 472; 802 NW2d 627 (2010). "[A] reviewing court is required to draw all reasonable inferences and make credibility determinations in support of the jury verdict." *People v Nowack*, 462 Mich 392, 400; 614 NW2d 78 (2000).

Defendant does not challenge the elements of first-degree murder apart from his identity as the killer. Identity is an essential element of every offense. *People v Yost*, 278 Mich App 341, 356; 749 NW2d 753 (2008). The credibility of identification testimony is for the trier of fact to resolve and this Court will not resolve it anew. *People v Dunigan*, 299 Mich App 579, 582; 831 NW2d 243 (2013); *People v Davis*, 241 Mich App 697, 700; 617 NW2d 381 (2000).

John Stanfield, who owned the apartment in which the shooting occurred, and apartment residents Mattie Horton and Larry Harden all testified that they were in the apartment during the altercation that led to the shooting. Stanfield testified that defendant arrived at the apartment with another man, and that defendant was the person wearing a sweat suit. Stanfield saw defendant go into the bathroom with Horton, saw defendant leave the bathroom, and then heard four or five gunshots. Horton testified that after defendant left the bathroom, she saw defendant and the victim argue, and saw defendant in possession of two handguns. According to Horton, defendant threatened to shoot the victim if the victim did not give his money to defendant. Harden testified that the man in the gray jogging suit shot the victim while robbing him. Harden could not identify defendant as the shooter because the shooter's hood partially covered his face, but Harden's description of the shooter's clothing matched the other witnesses' descriptions of defendant's clothing. Although defendant denied robbing or shooting the victim, defendant acknowledged that he was present during the shooting and was wearing the clothing that Harden claimed was worn by the shooter.

Other circumstantial evidence also supported defendant's identity as the shooter. A photograph from the victim's cell phone showed 35 to 40 $100 bills on a car seat, and evidence showed that defendant had more than $1,000 in $100 currency and other $100 bills of "movie money" in his bedroom after the robbery. In addition, an investigating officer testified that Horton told him that defendant had a silver handgun with a black handle during the encounter, and the officer later found a photograph on defendant's phone that depicted a similar handgun.

The witness testimony and other identification evidence, viewed in a light most favorable to the prosecution, were sufficient to enable the jury to find beyond a reasonable doubt that defendant was the person in the gray sweat suit who shot and killed the victim. To the extent that defendant challenges the weight or credibility of the witnesses' testimony, "the issue of credibility is for the jury to decide" and this Court "will not resolve credibility issues anew on appeal." *People v Milstead*, 250 Mich App 391, 404; 648 NW2d 648 (2002). Similarly, the fact

that defendant offered testimony that another person known as JR was the person who actually shot the victim does not compel a finding of insufficient evidence. The prosecutor "is not obligated to disprove every reasonable theory consistent with innocence," but rather was only required to convince the jury of defendant's identity in the face of whatever contradictory evidence defendant may provide. See *Nowack*, 462 Mich at 400.

## II. DEFENDANT'S STANDARD 4 BRIEF

Defendant raises additional issues in his Standard 4, and a supplemental Standard 4 brief, none of which have merit.

## A. HORTON'S TESTIMONY

Defendant raises several claims relating to Horton's testimony. He first argues that defense counsel was ineffective for not consulting or calling an expert witness to determine whether Horton's intoxication and drug use affected her memory of the events, or her competency to testify as a witness. He similarly complains that counsel failed to obtain Horton's medical records, which could have been used to undermine the reliability of her testimony.

Because defendant did not raise this issue in a motion for a new trial or request for a *Ginther*[1] hearing, our review of this issue is limited to errors apparent from the record. See *People v Sabin (On Second Remand)*, 242 Mich App 656, 658-659; 620 NW2d 19 (2000). Whether a person has been denied the effective assistance of counsel is a mixed question of fact and constitutional law. *People v Jordan*, 275 Mich App 659, 667; 739 NW2d 706 (2007). To establish ineffective assistance of counsel, defendant must show that: (1) counsel's representation "fell below an objective standard of reasonableness," and (2) but for counsel's deficient performance, there is a reasonable probability that the outcome of the proceeding would have been different. *People v Vaughn*, 491 Mich 642, 670; 821 NW2d 288 (2012), citing *Strickland v Washington*, 466 US 668, 688-694; 104 S Ct 2052; 80 L Ed 2d 674 (1984). "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 US at 694. This Court presumes that defense counsel rendered effective assistance and exercised reasonable professional judgment in all significant decisions. *Vaughn*, 491 Mich at 670. Defendant must "overcome the strong presumption that counsel's performance was born from a sound trial strategy." *People v Trakhtenberg*, 493 Mich 38, 52; 826 NW2d 136 (2012). "Because the defendant bears the burden of demonstrating both deficient performance and prejudice, the defendant necessarily bears the burden of establishing the factual predicate for his claim." *People v Carbin*, 463 Mich 590, 600; 623 NW2d 884 (2001).

Defense counsel has a duty to conduct reasonable investigations or to make reasonable decisions that renders particular investigations unnecessary. *Trakhtenberg*, 493 Mich at 52. Counsel's failure to reasonably investigate a case can constitute ineffective assistance if it undermines confidence in the trial's outcome. *Id.* at 51-55; *People v Russell*, 297 Mich App 707, 716; 825 NW2d 623 (2012). The record discloses that defense counsel, on cross-examination,

---

[1] *People v Ginther*, 390 Mich 436; 212 NW2d 922 (1973).

fully explored Horton's psychological issues and her drug use, both at the time of the offense as well as before testifying, and then commented on this evidence during closing argument to argue that Horton was an unreliable witness because she was "out of her mind with drugs, alcohol, and one of her five personalities." Although defendant complains that counsel failed to consult an expert with respect to the effect of drug usage on Horton's memory, defendant has presented nothing to show that an expert could have provided any additional information that would have substantially benefitted him at trial. Because defendant has not provided an affidavit or other offer of proof showing what testimony an expert could have provided, this claim cannot succeed.

Defendant also complains that counsel did not obtain Horton's medical records, which could have been used to show that she was abusing her prescription medication. However, Horton admitted that she had taken Xanax on the night of the offense, and that she was also using marijuana, drinking alcohol, and had used cocaine that night. She agreed that she was "pretty high" and "pretty much out of it." Horton also admitted that she took Xanax before her police interview, and on the morning of her preliminary examination testimony. Defense counsel also elicited Horton's admission that she did not take her medication as prescribed, and that she sometimes "overindulged." Accordingly, it was not necessary to obtain Horton's medical records for this purpose.

Defendant similarly complains that defense counsel should have consulted an expert to determine Horton's competency to testify as a witness. Defendant also raises a related argument that, apart from counsel's effectiveness, Horton's drug use so undermined the reliability of her testimony that it should have been excluded. Because defendant did not raise an evidentiary objection to the admissibility of Horton's testimony, the evidentiary issue is reviewed for plain error affecting defendant's substantial rights. See *People v Carines*, 460 Mich 750, 763; 597 NW2d 130 (1999).

Pursuant to MRE 601, "[u]nless the court finds after questioning a person that the person does not have sufficient physical or mental capacity or sense of obligation to testify truthfully and understandably, every person is competent to be a witness except as otherwise provided in these rules." *People v Watson*, 245 Mich App 572, 583; 629 NW2d 411 (2001). "The test of competency is thus whether the witness has the capacity and sense of obligation to testify truthfully and understandably." *Id.*, quoting *People v Coddington*, 188 Mich App 584, 597; 470 NW2d 478 (1991).

Again, because defendant has not provided an affidavit or other offer of proof from an expert showing what testimony the expert could have provided with regard to Horton's competency as a witness, his ineffective assistance of counsel claim cannot succeed. Defendant has not met his burden of establishing the factual predicate for his claim. See *Carbin*, 463 Mich at 600. Further, in discussing Horton's competency as a witness, defendant confuses Horton's understanding of her capacity and sense of obligation to testify truthfully and understandably with her actual ability to do so. Any difficulty Horton had in remembering specific events, or the fact that her testimony was contradicted by other witnesses' testimony, relates to her credibility, which was for the jury to decide. See *People v Lemmon*, 456 Mich 625, 643; 576 NW2d 129 (1998) (citations omitted). That some or all of her testimony may not have been factually truthful is not equivalent to an inability to testify truthfully because of a lack of competency. Accordingly, defendant has not demonstrated any error on this basis.

## B. DEFENDANT'S FELONY-MURDER CONVICTION

Defendant argues that he was improperly convicted of felony murder under MCL 750.316(1)(c), which applies to the murder of a police officer or a corrections officer, without notice that he was charged with that theory of first-degree murder, and without any evidence that a police officer or a corrections officer was killed. Defendant's argument is based on his erroneous interpretation of a citation to 750.316-C in the charging documents as referring to MCL 750.316(1)(c). As defendant observes, the prosecutor never argued that defendant was guilty of first-degree murder for murdering a police officer, and the trial court did not instruct the jury on that theory. Instead, the prosecution's theory at trial was that defendant was guilty of first-degree felony murder, MCL 750.316(1)(b), and the trial court instructed the jury on that theory of first-degree murder, requiring it to determine whether defendant committed a murder during the commission of an armed robbery. Defendant complains that he did not understand that he had been arraigned and charged with the death of a police officer, but as explained above, he was not charged with that offense.[2] Accordingly, defendant has not demonstrated any error.

With respect to his related ineffective-assistance claim, defendant argues that counsel was ineffective for failing to defend on the basis that defendant did not kill a police officer. As indicated, however, defendant was never charged with first-degree murder under that theory. Counsel cannot be deemed ineffective for failing to defend against an inapplicable theory. *People v Gist*, 188 Mich App 610, 613; 470 NW2d 475 (1991).

## C. JURY'S VERDICT

Defendant next argues that he is entitled to relief because, after the jury returned a verdict only on the felony-murder charge, apparently believing it was not required to return a verdict on the remaining charges, the trial court and the parties agreed to accept the verdict and to dismiss the jury without requiring it to continue deliberating on the remaining charges.[3] However, by affirmatively agreeing to accept the jury's verdict on the felony-murder charge, without requiring the jury to continue deliberations on the remaining charges, defense counsel waived any claim of error in this regard. See *People v Carter*, 462 Mich 206, 214-216; 612 NW2d 144 (2000). A waiver extinguishes any error, leaving no error to review. *Id.*

---

[2] At sentencing, defense counsel requested that the presentence report be corrected to more accurately describe the offense of which defendant was convicted, asking that the description to "open murder" be changed to "first-degree felony murder." No one suggested that defendant had been erroneously charged with, or convicted of, first-degree murder for murdering a police officer.

[3] Defendant was also charged with armed robbery, MCL 750.529, felon in possession of a firearm, MCL 750.224f, felon in possession of ammunition, MCL 750.224f(6), carrying a concealed weapon, MCL 750.227, and possession of a firearm during the commission of a felony, MCL 750.227b.

We also reject defendant's ineffective-assistance claim related to this issue. By agreeing to accept the jury's verdict on the felony-murder charge without requiring the jury to continue deliberating on the remaining charges, counsel avoided the possibility of having the jury return guilty verdicts on the remaining charges. And counsel had nothing to gain by having the jury continue to deliberate on the remaining charges. Defendant correctly argues that the jury was required to find him guilty of armed robbery in order to find him guilty of felony-murder. However, the trial court instructed the jury on the predicate offense of armed robbery as part of its felony-murder instruction, instructing the jury that it could not find defendant guilty of felony murder unless it found beyond a reasonable doubt that, among other elements, defendant committed a murder during the commission of an armed robbery. Even if the jury continued deliberating and found defendant not guilty of the remaining charges, any inconsistency in the jury verdicts would not entitle defendant to relief. See *People v Vaughn*, 409 Mich 463, 465; 295 NW2d 354 (1980). Accordingly, it was not objectively unreasonable for defense counsel to elect not to have the jury continue deliberating on the remaining charges.

Affirmed.

/s/ Mark J. Cavanagh
/s/ Jane E. Markey
/s/ Anica Letica